**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DONAVON C. SEGRAVES,

     Defendant-Appellant.

No. 99-3224
(D.C. No. 98-CR-10078-02)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **HENRY**, Circuit Judge, and **McWILLIAMS**, Senior
Circuit Judge.

By a superseding indictment filed on October 6, 1998 in the United States District

Court for the District of Kansas, Judson William Herron, Jr. ("Herron") and Donavon C.

Segraves ("Segraves") were jointly charged in a one-count indictment with bank fraud

commencing on or about February 3, 1997 and continuing through May 20, 1997, in

violation of 18 U.S.C. § 1344(1). More specifically, both were jointly charged with

executing and attempting to execute a scheme to defraud the Centerville State Bank in

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Centerville, Kansas, and Commercial Federal Bank in Fredonia, Kansas, by means of a "check kite," which scheme was described in the indictment in considerable detail. Both defendants were also charged in the same one-count indictment with aiding and abetting, in violation of 18 U.S.C. § 2.

Herron entered into a plea agreement with the government whereby he pled guilty to bank fraud and later testified at Segraves' trial. A jury convicted Segraves and he was sentenced to imprisonment for 30 months. Segraves appeals his conviction and sentence.

On appeal, Segraves asserts three grounds for reversal: (1) there was a fatal variance between the evidence produced and the offense charged as to the date of the offense; (2) the evidence is insufficient to support the jury's guilty verdict; and (3) the district court erred in failing to grant Segraves a downward departure from the guideline range. We find no error, and affirm.

As indicated, the indictment jointly charged both defendants with engaging in a check-kiting scheme from February 3, 1997 to May 20, 1997. On appeal, counsel argues that there was a fatal variance between the offense charged in the indictment and the evidence offered by the government to prove the crime charged. In particular, counsel points out that the government's evidence showed that the check-kiting scheme started around July, 1996, several months prior to the dates alleged in the indictment. The government's position is that although the check-kiting scheme did, indeed, start some time in 1996, it continued into and through the dates alleged in the indictment. In this

connection, we note that, at trial, there was no contemporaneous objection to the government's evidence that the scheme commenced prior to February 3, 1997. Further, at the close of the government's case, in a motion by counsel for a judgment of acquittal under Fed. R. Crim. P. 29, there was no mention of any variance, counsel only arguing a general insufficiency of the evidence. At the close of all of the evidence, counsel renewed his motion for judgment of acquittal and the district court took the matter under advisement. After the jury's verdict was received, counsel, pursuant to the court's request that he renew his motion in writing, for the first time claimed that there was a variance between the charge and the proof thereof. The motion was denied. Under such circumstances, Segraves can only prevail on this issue on appeal if the alleged error be "plain error." Be that as it may, our study of this matter indicates that any possible variance was not a "fatal variance." Counsel does not claim surprise. Nor in our view was there any showing of "substantial prejudice" as required by *United States v. Ailsworth*, 138 F.3d 843 (10th Cir. 1998). In that case we spoke as follows:

> We hold that a variance exists because the evidence presented at trial proved facts different from the single widespread conspiracy alleged in the second superceding indictment . . . . However, even where a variance exists, we will reverse Defendant's conviction only upon a showing of substantial prejudice.
> A variance between the indictment and the proof is reversible error only if it has affected the substantial rights of the defendant . . . . The requirement that allegations and proof correspond is intended to safeguard basic Fifth and Sixth Amendment rights of the accused. The accused must (1) be informed of the charges against him so that he may

> present his defense and not be surprised by the evidence offered at trial; and (2) be protected against another prosecution for the same offense. A variance "is not fatal unless the defendant could not have anticipated from the indictment what evidence would be presented at trial or unless the conviction based on an indictment would not bar a subsequent indictment."

*Id.* at 849 (citations omitted).

Segraves next contends that the evidence is insufficient to sustain his conviction. In thus arguing his counsel concedes that Herron, the accountant for ValueVison of which Segraves was the president, engaged in a check-kiting scheme from some time in 1996 until May of 1997, but asserts, in effect, that Segraves did not know of the scheme and did not in any way participate therein. Such, indeed, was the gist of Segraves' testimony at trial. However, as indicated, Herron appeared as a government witness at Segraves' trial, and he testified that he, Herron, did participate in the check-kiting scheme but at the direction of Segraves and that the latter not only participated therein but, in fact, orchestrated it for his personal gain. All of which presented a factual dispute which has now been resolved by the jury, which by its verdict obviously believed Herron and disbelieved Segraves. In short, the jury's verdict finds support in the record.

Counsel's final argument is that in sentencing, the district court erred in not making a downward departure from the guideline range of 30 to 37 months imprisonment based on the victim's wrongful conduct and, secondly, that a downward departure was also justified because Segraves' conduct was "aberrant" and "out of character."

- 4 -

Sentencing Guidelines 5K2.10 does permit a downward departure if the victim's wrongful conduct "contributed significantly to provoking the offense behavior . . . ." It was counsel's belief, and he so argued to the district court, that employees of Commercial Federal Bank in Fredonia, Kansas, had themselves violated bank policies which somehow "provoked" Segraves to participate in the check-kiting scheme. The district court, after hearing, rejected that argument, believing that the facts of the instant case did not fit 5K2.10. We agree. 5K2.10 by its terms is "usually not relevant in the context of non-violent offenses." *Koon v. United States,* 518 U.S. 81 (1996), relied on by Segraves, involved a violent offense. In any event, any action of the bank did not amount to provocation. The district court did not abuse its discretion.

Counsel also argues that the district court erred in refusing to make a downward departure from the guideline range on the grounds that Segraves' behavior was "aberrant" and "out of character." Our attention has not been directed to any specific guideline dealing with "aberrant behavior." However, in *United States v. Jones,* 158 F.3d 492 (10th Cir. 1998) we recognized that "aberrant behavior" on the part of a defendant could be a basis for a downward departure. In that case we said: "Under our case law, the aberrant nature of a criminal defendant's offense conduct may properly be considered as a mitigating factor in a downward departure decision." *Id.* at 500.

The fact that Segraves' conduct did not consist of only a single act, but was, in fact, a protracted course of misconduct, does not necessarily defeat a request for

downward departure, but it certainly doesn't help!  In this regard, in denying Segraves'

request for downward departure based on aberrant behavior the district court observed

that Segraves was a part of a "comprehensive and lengthy scheme to defraud," which, as

indicated, occurred over a period of about a year and involved several hundred banking

transactions.  The parties agree that we review a district court's downward departure, or

its refusal to make a downward departure, under an abuse of discretion standard.  As

concerns aberrant behavior, in *Jones*, where we upheld a downward departure, we said:

> We are convinced the determination of whether an individual
> defendant's offense conduct is aberrational, like the decision
> to depart, requires consideration of unique factors not readily
> susceptible of useful generalization.  The district court is in
> the better position to determine whether the defendant's
> offense conduct is out of character for that individual.
> Accordingly, the district court's resolution of this largely
> factual question is due substantial deference.  After reviewing
> the record here, we conclude the district court did not abuse
> its discretion when it found Mr. Jones' offense conduct to be
> aberrational in light of his personal history.

*Id.* at 500.

At sentencing, the district court indicated quite clearly, and more than once, that it

was less than thrilled with the Sentencing Guidelines' procedures in general, but that it

intended nonetheless to follow them.  The guideline range for Segraves was 30 to 37

months, and the district court imposed the minimum sentence of 30 months

imprisonment, and allowed Segraves to remain on bond pending appeal.[1]

---

[1]The district court sustained Segraves' objection to a  recommendation in the
presentence investigation report that Segraves' base offense level be raised by two levels

- 6 -

Judgment affirmed.

ENTERED FOR THE COURT,


Robert H. McWillliams
Senior Circuit Judge

---

because he was the "leader or organizer" of the scheme to defraud.